(C.D. 3704)

AIRGO INTERNATIONAL, A/C LEW SPENCER IMPORTS, INC., ET AL.
*v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 12, 1969)

*Stein & Shostak* for the plaintiffs.

*William D. Ruckelshaus,* Assistant Attorney General, for the defendant.

Before RAO, FORD, and NEWMAN, Judges

FORD, Judge: The cases listed in schedule "A", attached hereto and made a part hereof, have been submitted for decision upon a written stipulation entered into by and between counsel for the respective parties which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as follows:

1. That the merchandise covered by the entries and protests enumerated in Schedule A annexed hereto and made a part hereof, and assessed with duty at 19% ad valorem under Item 647.00 of the Tariff. Schedules of the United States, consists of hinges, fittings, and mountings designed for motor vehicles.

2. That said protests are abandoned as to all other merchandise.

3. That the merchandise covered by the entries enumerated in Schedule A annexed hereto was entered or withdrawn from ware-

house after August 31, 1963, the effective date of the Tariff Schedules of the United States, and before December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241.

4. That said protests were filed on all of the entries enumerated in said Schedule A, under Section 514 of the Tariff Act of 1930, within 60 days after the dates of liquidation thereof, and that said protests were pending for decision by this Court on October 7, 1965, the date of enactment and/or on December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, 89th Congress.

5. That within 120 days after the date of enactment of said Public Law 89–241, a request was filed with the Collector of Customs at the port of entry, for liquidation or reliquidation of each of the entries enumerated in Schedule A and for classification of said merchandise at 8.5% ad valorem under Item 647.01 of the Tariff Schedules of the United States as amended by Section 36(a) of said Public Law 89–241.

6. That the protest enumerated in the annexed Schedule of Cases may be submitted on this stipulation, the same being limited to the merchandise as aforesaid.

Accepting the foregoing stipulation, we find and hold that plaintiffs have complied with both section 514, Tariff Act of 1930 and the Tariff Schedules Technical Amendments Act of 1965, PL 89–241, T.D. 56511, and that said merchandise consists of hinges, fittings, and mountings designed for motor vehicles. Therefore the claim in the protests that said merchandise is properly dutiable at the rate of 8.5 per centum ad valorem under the provisions of item 647.01, Tariff Schedules of the United States, as amended by section 36(a) of said PL 89–241, is sustained.

The claim in the protests having been abandoned as to all other merchandise, it is hereby dismissed.

Judgment will be entered accordingly.